[No. B058501. Second Dist., Div. Six. Dec. 9, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
GABRIEL A. ORTEGA, JR., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, those portions directed to be published follow.

**COUNSEL**

Susan Pochter Stone, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Keith H. Borjon and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—Here we hold that one who enters a home with the intent to commit extortion is guilty of burglary. This is the case even if the extortion will not be completed until sometime in the future at a location other than where the entry took place.

### FACTS

Defendant Gabriel Ortega, Jr., bought a car from Daniel Rodriguez. Rodriguez agreed to help Ortega fix the car if it needed minor repairs. A few weeks later, Ortega went to Rodriguez's home and asked Rodriguez to fix the car. They spoke outside where Rodriguez was working on a truck. Rodriguez agreed to fix the car the next day. While Rodriguez was cleaning up, Ortega went to Rodriguez's room to write a note reminding Rodriguez of their agreement.

Rodriguez entered the room to find Ortega searching through some drawers. Ortega explained he was looking for a pen, and questioned Rodriguez about the lock to his room and a radio. Ortega then wrote two notes to Rodriguez. One note was a reminder to fix the car. The other note read, "Danny, I'm going to take your radio if you do not come and fix my car by a certain date. I will use the proceeds of this radio, part of it to go to fix my car." Both men then left the room. Soon thereafter, Ortega returned to the room while Rodriguez was away. Rodriguez's niece saw Ortega leaving the room with the radio.

Rodriguez called Ortega the next night, and Ortega told him that the radio would be returned only if Rodriguez would come to Ortega's home to fix the car. The two agreed to meet in order to discuss the matter, but that meeting never took place.

Ortega was arrested and tried for burglary. The trial court instructed the jury that a person commits the crime of burglary if he enters a building with the specific intent to permanently deprive the owner of his property, or with the specific intent to commit extortion. The jury found Ortega guilty of burglary.

On appeal Ortega contends, among other things: 1) insufficient evidence supports the jury's conviction for burglary based upon extortion; 2) the trial court improperly instructed the jury on the required specific intent to sustain a burglary conviction based upon extortion. We affirm.

DISCUSSION

I.

Penal Code section 459 states that "[e]very person who enters any house, room, [or] apartment, . . . with intent to commit grand or petit larceny or *any felony* is guilty of burglary." (Italics added.)

■ Ortega argues that there was no evidence he intended to complete the crime of extortion at Mr. Rodriguez's home, or in the vicinity of his home. Therefore, there was insufficient evidence he had the specific intent to commit burglary.

California cases do not require that a defendant break and enter premises with the intent to commit a crime therein in order to commit burglary. (See *People* v. *Nunley* (1985) 168 Cal.App.3d 225, 231 [214 Cal.Rptr. 82]; *People* v. *Guthrie* (1983) 144 Cal.App.3d 832, 845 [193 Cal.Rptr. 54].) Both the *Nunley* and *Guthrie* cases rely on *People* v. *Wright* (1962) 206 Cal.App.2d 184 [23 Cal.Rptr. 734].

In *Wright*, defendant entered a tire shop in order to gain access to an adjoining shed from which he intended to steal tires. The appellate court said ". . . that within the purview of section 459, Penal Code, the intent to commit larceny or any felony *is not confined to an intent to commit the crime in the building which is entered* if the intent at the time of entry is to commit the offense *in the immediate vicinity* of the place entered by defendant; if the entry is made *as a means of facilitating* the commission of the theft or felony; and if the two places are so closely connected that *intent and consummation of the crime would constitute a single and practically continuous transaction.*" (*People* v. *Wright*, *supra*, 206 Cal.App.2d at p. 191, italics added.)

The court in *Wright* upheld the defendant's conviction even though the commission of the "other felony" did not take place in the building first entered. Burglary convictions were also upheld in *People* v. *Nance* (1972) 25 Cal.App.3d 925 [102 Cal.Rptr. 266] (defendant broke into building to pull a switch to turn on the gasoline pumps located outside the building so that defendant could steal gasoline), and *People* v. *Nunley, supra,* 168 Cal.App.3d 225 (defendant entered lobby of an apartment building with the intent to burglarize a particular apartment in the building).

Here, we are concerned with extortion, not theft. California Penal Code section 518 defines extortion as "the obtaining of property from another, with his consent . . . induced by a wrongful use of force or fear . . . ."

Ortega established the intent to extort through his own testimony when he paraphrased the language of the note: " 'Danny, I'm going to take your radio if you do not come and fix my car by a certain date. I will use the proceeds of this radio, part of it to go to fix my car.' " Ortega claims to have left this note in Rodriguez's room just prior to the unlawful entering.

The note tells Rodriguez that he will have to come to Ortega's house by a certain date and fix his car. Ortega therefore claims that no reasonable trier of fact could find that he had the specific intent to extort Rodriguez's services in the immediate vicinity of the unlawfully entered premises. From this he argues that under *Wright* he meets neither the "immediate vicinity" test nor the "continuous transaction" test.

In *Wright*, the place entered, the tire shop, and the place where the intended theft took place, the shed, were next to each other. From their proximity came the "immediate vicinity" test. The prosecution argues that the "immediate vicinity" test of *Wright* is not applicable in an extortion case. This is because extortion, unlike theft, is usually not a crime that can be completed immediately upon entering the premises.

The "continuous transaction" test of *Wright* is another matter. It is true that it arose out of the "close connection" between the tire shop and the shed, which happened to be next to each other. In extortion, the place where the threat is made may be a long distance from the place where something of value is ultimately delivered to the extortionist. Therefore, unlike the typical theft committed in a burglary, in extortion, there is usually a passage of time between the threat and the completed extortion. These events are nevertheless closely connected even though they may not share the attributes of proximity in time and place. Therefore, the "continuous transaction" test of *Wright* seems particularly applicable to extortion.

An out-of-state case, *Robles* v. *State* (Tex. Crim. App. 1984) 664 S.W.2d 91, employed similar logic. In *Robles*, the defendant forced his way into the home of the president of a bank in Houston, Texas, and threatened at gunpoint to take the victim to the victim's bank in order to withdraw an unspecified amount of money. The burglary statute in Texas is similar to the one in California. Section 30.02(a)(1) of the Texas Penal Code states in pertinent part: "A person commits an offense if, without the effective consent of the owner, he: [¶] (1) enters a habitation . . . with intent to commit a felony or theft; . . ." (*Robles, supra,* at p. 92.) Defendant claimed the evidence was insufficient to establish burglary because it showed he intended to take money from the victim's bank, not from the victim personally at his house. The Court of Criminal Appeals of Texas upheld the burglary conviction.

The Texas court was not concerned with whether the intent was to steal from the premises. What was important to the court was the close connection between the entry and the intent to commit the theft. Such a connection was sufficient to constitute a burglary even though there was no intent to commit the theft itself within the premises entered, or even in the vicinity. It was enough that the unlawful entry was made to further the commission of the intended theft. (*Robles* v. *State, supra,* 664 S.W.2d at p. 94.)

The reasoning of the *Robles* case is persuasive. We agree with the People that the vicinity requirement of *Wright* has no application in burglary cases where the defendant intends to commit extortion. Upon unlawful entry, an extortionist need only intend that the entry be linked to the extortion so as to constitute a part of a continuous transaction. The place where the completed act of extortion will ultimately take place is irrelevant.

We therefore conclude there is sufficient evidence to show Ortega entered Rodriguez's room with the intent to carry out a plan of extortion. Ortega's note revealed this intent. He took the radio from Rodriguez's room, and he told Rodriguez he would give the radio back if Rodriguez performed work on the car. This evidence establishes the close connection between the entry and the intent to commit extortion. It establishes a continuous transaction beginning with the initial entry and ending with the contemplated fixing of Ortega's car. The passage of time does not weaken the links between these two events. They are concatenated in a continuous transaction.

## II.

■ The trial court instructed the jury with CALJIC Nos. 3.31 and 14.50.[1] The trial court defined extortion as the obtaining of property or services from another "with his consent, which consent has been induced by a wrongful use of fear . . . ." The court defined fear as including "a threat . . . [t]o inflict an unlawful injury on the property of the person threatened."

---

[1]CALJIC No. 3.31 was given to the jury in pertinent part as follows: "In the crime charged in Count 1 of the information, namely, burglary, there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator. Unless such specific intent exists the crime to which it relates is not committed. . . ."

CALJIC No. 14.50 was given to the jury as follows: "Defendant is accused in Count 1 of the Information of having committed the crime of burglary, a violation of Section 459 of the Penal Code. Every person who enters any building with the specific intent to steal, take and carry away the personal property of another of any value, and with the further *specific intent to deprive the owner permanently of such property, or with the specific intent to commit extortion,* a felony, is guilty of the crime of burglary in violation of Penal Code Section 459.

"A building is a structure. It is immaterial whether the intent with which the entry was made is thereafter carried out. In order to prove such crime, each of the following elements must be proved: one, a person entered a [building]; two, at the time of the entry such person had the *specific intent to steal and take away someone else's propert[y] and intended to deprive*

Because of our holding that extortion need not be committed in the immediate vicinity of Rodriguez's room, the court's instructions were proper. All that is required is that the entry be necessary to facilitate the intruder's intent to extort so as to be part of a single and continuous transaction.

III.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

We affirm the judgment.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 18, 1993.

---

the owner permanently of such property; or three, at the time of the entry such person had the specific intent to commit the crime of extortion.

"You need not agree upon whether the person had the *specific intent to commit extortion or the specific intent to steal at the time of the entry* as long as you agree that he had one of those felonious specific intents at the time of the entry." (Italics added.)

*See footnote, *ante*, page 691.